**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____/

DESHON MAURICE BOYCE,

                      Petitioner,

v.                                                                         Case No. 16-14187

S.L. BURT,

                      Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING CERTIFICATE OF APPEALABILITY; AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. After a jury trial in the Wayne Circuit Court, Petitioner Deshon Boyce was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony - second offense, MICH. COMP. LAWS § 750.227b. Defendant was sentenced as a third-time habitual felony offender to 50-to-75 years for the second-degree murder conviction, 3-to-5 years for the felon in possession conviction, and a consecutive 5 years for the felony-firearm conviction.

The petition raises four claims: (1) the prosecutor committed misconduct by her use of the prior testimony of a witness and defense counsel was ineffective for failing to object, (2) the trial court lacked jurisdiction because of defects in the charging document, (3) the trial court lacked jurisdiction because the state magistrate failed to file the necessary form to transfer the case to the state circuit court, and (4) the trial court lacked jurisdiction

because the criminal information was not filed in the state circuit court. The court will deny the petition because Petitioner's claims are without merit. The court will also deny a certificate of appealability and deny leave to appeal in forma pauperis.

## I. Background

This court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from the murder of Deonte Bing in Highland Park, Michigan. Bing had a history of problems, including numerous physical altercations, with William "Johnny" Adams, defendant's cousin and neighbor. On the day of the murder, Bing was upset and cursing at an unidentified person on the telephone, and he told family members that he was going over to Adams's house.
>
> Gunshots rang out shortly thereafter, and Bing's family members rushed to the nearby scene, where they saw Bing lying on the ground. The current Highland Park Police Chief, Kevin Coney, was in the area, and he drew his weapon and attempted to intervene in the shooting. He saw Bing on the ground and a man in a "long green coat" standing over him, firing shots into him with a long gun. A witness testified that at the time of the incident defendant was wearing a robe that was "either green or blue or a dark color." Prior testimony of Byron Davis was introduced in which he identified defendant as the man who shot Bing. A second man, who matched Adams's description, shot at Chief Coney and wounded him. Witnesses saw defendant and the second shooter get into a blue Suburban and drive away.

*People v. Boyce*, No. 318859, 2016 WL 97896, at *1 (Mich. Ct. App. Jan. 7, 2016).

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate counsel filed a brief on appeal, raising what now forms Petitioner's first habeas claim. Petitioner also filed a supplemental pro se brief, raising what now form his second, third, and fourth habeas claims. The Michigan Court of Appeals affirmed in an unpublished opinion. *Id*.

2

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims he raised in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was "not persuaded that the questions presented should be reviewed by th[e] Court." *People v. Boyce*, 882 N.W.2d 524 (Mich. 2016) (Table).

**II. Standard of Review**

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

3

*Harrington v. Richter*, 562 U.S.86, 101 (2011) (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woods v. Etherton,* No. 15-723, 2016 WL 1278478, at *3 (U.S. Apr. 4, 2016) (habeas relief precluded if state court decision is "not beyond the realm of possibility [from what] a fairminded jurist could conclude.")

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

### III. Analysis

### A. Introduction of Prior Testimony

Petitioner's first claim concerns the admission of Byron Davis's prior testimony. At the time of Petitioner's trial, Davis had already testified at Adams's trial and at Petitioner's preliminary examination. The prior testimony was inconsistent with Davis's testimony at Petitioner's trial. Petitioner asserts that the prosecutor committed misconduct by using the prior inconsistent testimony in a manner that exceeded the bounds of Michigan Rule of Evidence 801(d)(1)(C), which concerns the admissibility of the prior identification testimony. Petitioner also asserts that his counsel was ineffective for failing to object to the prosecutor's use of the prior testimony.

After reciting the standard governing prosecutorial misconduct claims, the Michigan Court of Appeals rejected Petitioner's claim by finding that the prior testimony was

4

admissible as substantive evidence under Rule 801(d)(1)(A) and (C), and therefore the prosecutor did not commit misconduct by the introduction of the evidence or by her argument regarding it. *Boyce*, 2016 WL 97896 at *2-5.

First, with respect to any claim that the state trial court or the Michigan Court of Appeals misapplied its own evidentiary rules, such an argument would not present a cognizable question on federal habeas review. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. *See* 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id*. at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *Parker v. Matthews*, 567 U.S. 37 (2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id*. (*quoting Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Where admission of the evidence was proper under state law, however, a habeas Petitioner cannot show that the prosecutor engaged in misconduct by presenting the disputed evidence. *Webb v. Mitchell*, 586 F.3d 383, 397 (6th Cir. 1999) ("'A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make

5

arguments in reliance on those rulings.'") (*quoting Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008)); *see also Bales v. Bell*, 788 F.3d 568, 577 (6th Cir. 2015).

Here, Byron Davis testified at Petitioner's trial that on the date of the shooting he was in a nearby house. (Dkt. #7-15, Pg. ID 981.) When he heard gunshots, he went out onto the porch and saw a person firing a gun at a boy lying on the ground about fifteen feet in front of his position. (*Id.*, Pg. ID 982-83.) He testified that he could not see what the shooter was wearing. (*Id.*, Pg. ID 983.) He testified that at the time of the shooting he thought he recognized Petitioner as the shooter, but at the time of trial he believed it was another man he had never seen before. (*Id.*, Pg. ID at 983-86.) He had known Petitioner for a few years, and he was sure that Petitioner was not the shooter. (*Id.*, Pg. ID 985-86.) He also knew Adams, and they remained friends at the time of trial. (*Id.*, Pg. ID 986-87.)

The prosecutor then directed Davis to his prior inconsistent testimony. Davis acknowledged that he testified at Adams's trial regarding the shooting. (*Id.*, Pg. ID 987.) He acknowledged that at Adams's trial he testified that the shooter was "Shon," that he knew him from the neighborhood, that he was 6'1', fair skined, with a goatee, and that he was wearing a green robe. (*Id.*, Pg. ID 987-89.) This description was consistent with Petitioner being the shooter.

Davis was then questioned whether at Petitioner's preliminary examination he believed that he had misidentified Petitioner as the shooter. (*Id.*, Pg. ID 999.) Davis responded that he did believe he had made a mistaken identification, but he did not want to testify as to the mistake at that proceeding. (*Id.*, Pg. ID 999-1000.) The prosecutor then read the portions of Davis's prior testimony at Petitioner's preliminary examination where he answered questions suggesting that he identified Petitioner as the shooter. (*Id.*, Pg. ID

999-1001.) The prosecutor also read the portions of Davis' prior testimony at Adams's trial tending to indicate that Petitioner was the shooter. (*Id.*, Pg. ID 1003-1005.)

On cross-examination, Davis testified that at the time he witnessed the shooting, he was convinced that Petitioner was the shooter. (*Id.*, Pg. ID 1023.) He testified that the testimony that he gave at Adams's trial was truthful because he believed at the time that it was true.(*Id.*, Pg. ID 1031.) Adams testified that he felt guilty about not coming forward earlier to say that Petitioner was not the shooter. (*Id.*, Pg. ID 1037.) He was coming forward now with this information because he did not want to see the wrong person locked up for something he did not do. (*Id.*)

The Michigan Court of Appeals found that some of the prior testimony was admissible non-hearsay under Michigan Rule of Evidence 801(d)(1)(C) (prior identification testimony), but that in any event, all of the prior testimony was admissible as non-hearsay under Rule 801(d)(1)(A) (prior inconsistent statement). *Boyce*, 2016 WL 97896, at *3. Neither of these rules limit the use of the prior testimony by the prosecutor. Under both federal and Michigan law, a prior inconsistent statement that is made under oath is not considered hearsay and can be used as substantive evidence. See *United States v. Ricketts*, 317 F.3d 540, 544 (6th Cir. 2003) (*citing* Fed. R. Evid. 801(d)(1)(A)); *People v. Chavies*, 234 Mich. App. 274, 281-84 (1999) (*citing* Fed. R. Evid. 801(d)(1)(A)). Because the Michigan Court of Appeals concluded that the prior testimony was properly admitted pursuant to Rule 801(d)(1)(A) and (C), the prosecutor did not commit misconduct. See *Thomas v. Perry*, 2013 U.S. Dist. LEXIS 57599, *39 (E.D. Mich. Apr. 23, 2013).

It follows that Petitioner was not denied the effective assistance of counsel due to his trial attorney's failure to object to the alleged misconduct of the prosecutor or the

introduction of Adams's prior testimony. Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Bradley v. Birkett*, 192 Fed. App'x. 468, 475 (6th Cir. 2006).

## B. Jurisdiction of State Trial Court

Petitioner's second, third, and fourth claims all challenge the jurisdiction of the state trial court. His second claim asserts that the state magistrate did not place sufficient information in the criminal complaint to justify the issuance of an arrest warrant, thus divesting the state courts of jurisdiction to proceed against him. His third claim asserts that the state magistrate failed to make a "return and certification" following the preliminary examination, a required step before the state circuit court can acquire jurisdiction. And Petitioner's fourth claim asserts that the criminal information was not filed with the court clerk. All of these claims concern matters of state law that do not form a cognizable basis for federal habeas relief.

The Michigan Court of Appeals considered each of Petitioner's jurisdictional claims and found that they were without merit. *Boyce*, 2016 WL 97896, at *6-10. The determination whether a state court is vested with jurisdiction under state law is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); see also *Hamby-Bey v. Bergh*, 2008 WL 3286227, at *2 (E.D. Mich. Aug. 7, 2008); *Chandler v. Curtis*, No. 05-cv-72608, 2005 WL 1640083, at *2 (E.D. Mich. July 13, 2005); accord *Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998). A perceived violation of state law does not provide a basis for federal habeas relief. *Estelle*, 502 U.S. at 67-68. And a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475

(6th Cir. 2001). Accordingly, Petitioner's second, third, and fourth claims do not present cognizable claims, and they are therefore without merit.

## IV. Certificate of Appealability

In order to appeal the court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the court's analysis with respect to any of Petitioner's claims because they are devoid of merit. The court will therefore deny a certificate of appealability. Furthermore, the court will deny Petitioner permission to appeal in forma pauperis because any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

IT IS ORDERED that the Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that permission to appeal in forma pauperis is DENIED.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: August 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Acting in the absence of Lisa Wagner
Case Manager and Deputy Clerk
(810) 984-2056
